**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
Case No. 1:16-cv-23053-JEM

ALEXANDER PINERO CASTILLO, and
all others similarly situated un 29 U.S.C.
216(b),

       Plaintiffs,

v.

LA MANSION DEL BAKERY LLC d/b/a
CASA POTIN BAKERY, FRANCESCO
D'ORSO, and ANGELA LUCCHESE,

       Defendants.

_____/

## LA MANSION DEL BAKERY LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Defendant, LA MANSION DEL BAKERY LLC, by and through its undersigned

counsel, hereby files its Answer and Affirmative Defenses to Plaintiff's Complaint [DE #1], as

follows:

1.     Admitted that Plaintiff is bringing this Complaint under the FLSA.

2.     Defendant is without independent knowledge of the facts alleged in this

Paragraph, but presumes them to be true for venue and jurisdictional purposes only.

3.     Admitted that LA MANSION DEL BAKERY LLC is a limited liability company

that regularly transacts business within Miami-Dade County, Florida. All other allegations are

denied.

4.     Admitted that FRANCESCO D'ORSO is an owner of LA MANSION DEL

BAKERY LLC. All other allegations are denied.

5.     Admitted that ANGELA LUCCHESE is a member of LA MANSION DEL

BAKERY LLC. All other allegations are denied.

6.     Denied.

## COUNT I. FEDERAL OVERTIME WAGE VIOLATION

7.     Admitted that the case is arises under the laws of the United States. All other allegations are denied.

8.     Denied.

9.     This Paragraph does not contain factual allegations to which a response is required. The referenced statute speaks for itself.

10.    Admitted that Plaintiff worked for LA MANSION DEL BAKERY LLC during the time period alleged. All other allegations are denied.

11.    Denied.

12.    Denied.

13.    Denied.

14.    Denied.

15.    Denied.

16.    Denied.

17.    Denied.

18.    Denied.

19.    Denied.

## AFFIRMATIVE DEFENSES

## First Affirmative Defense

Plaintiff's claims are barred to the extent that he did not actually work more than forty (40) hours in any workweek.

**Second Affirmative Defense**

Plaintiff's claims and damages are limited to the limitations period of two (2) years pursuant to the FLSA.

**Third Affirmative Defense**

Any actions or omissions by the Defendant was not willful. Therefore, the Plaintiff is not entitled to three years of limitations period.

**Fourth Affirmative Defense**

Plaintiff's damages are barred by the provisions of Section 11 of the Portal-to-Portal Act, 29 U.S.C. §260, because the acts or omissions complained of were done in good faith and with reasonable grounds for believing that the acts or omissions were not in violation of the FLSA.

**Fifth Affirmative Defense**

Plaintiff's claims are barred by the provisions of Section 4 of the Portal-to-Portal Act, 29 U.S.C. §254, as to all hours during which they engaged in certain activities that were preliminary or postliminary to his principal activities.

**Sixth Affirmative Defense**

To the extent the corporate Defendant is found not to be liable, FRANCESCO D'ORSO and ANGELA LUCCHESE are also not liable for any violations of the FLSA because any claim against them would only be a derivative of the claim against the corporate Defendant. See, e.g., *Casseus v. First Eagle, LLC*, 2008 U.S. Dist. LEXIS 32249 (S.D. Fla. April 16, 2008).

### Seventh Affirmative Defense

Assuming, *arguendo*, that Plaintiff is deemed to be entitled to overtime compensation, he would be entitled to only half his regular rate for all hours worked over forty during any workweek, because he was paid his regular rate for all hours worked, including any hours worked over forty during any workweek through a salary.

### Eighth Affirmative Defense

Plaintiff has not met all of the requirements to bring a collective action under the FLSA.

### Ninth Affirmative Defense

Plaintiff's damages are barred or limited by the *de minimus* doctrine, 29 C.F.R. §785.47. See, *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 692 (1946); *Lewis v. Keiser Sch., Inc.*, 2012 U.S. Dist. LEXIS 147150, 2012 WL 4854724, 6 (S.D. Fla. Oct. 12, 2012).

### Tenth Affirmative Defense

Plaintiff was not eligible for FLSA overtime because he was not a covered individual under §207 of the Fair Labor Standards Act of 1938; he was not "engaged in commerce or in the production of goods for commerce," (individual coverage) as alleged in the Complaint. Specifically, Plaintiff did not regularly and directly participate in the actual movement of persons or things in interstate commerce for the benefit of the corporate Defendant. See, *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F. 3d 1292 (11th Cir. 2011); *Martinez v. Jade Palace*, 414 Fed. Appx. 243, 246 (11th Cir. Ala. 2011) (no individual coverage under the FLSA in a claim brought by a cook of a small locally-owned Chinese restaurant); *Apolinario v. Mi Bohio Rest. & Lounge Corp.*, 2016 U.S. Dist. LEXIS 16030, *5-8 (S.D. Fla. Jan. 22, 2016) (no individual coverage under the FLSA in a claim brought by a cook of a small locally-owned South Florida restaurant)**;** *Cabral v. Lakes Cafe Sports Bar & Grill, Inc.*, 2010 U.S. Dist. LEXIS 31326 (S.D. Fla. Mar. 31, 2010) (citing *Lopez v. Top Chef Invest., Inc.*, No. 07-21598-CIV, 2007 U.S. Dist. LEXIS 88120, 2007 WL 4247646, * 2

(S.D. Fla. Nov. 30, 2007) and *Casseus v. First Eagle, L.L.C.,* No. 07-23228, 2008 U.S. Dist. LEXIS 32249, 2008 WL 1782363, * 5 (S.D. Fla. April 18, 2008)).

### Eleventh Affirmative Defense

Plaintiff was not a covered individual under §207 of the Fair Labor Standards Act of 1938, which provides for overtime and minimum wages, because he was not "employed in an enterprise engaged in commerce or in the production of goods for commerce" (enterprise coverage) as it is defined by 29 U.S.C. §203(r) and (s)(1). Specifically, the corporate Defendant's annual gross sales have not reached or exceeded $500,000.00 during the relevant time period. See, *Batista v. WM Int'l Grp., LLC,* 2016 U.S. Dist. LEXIS 35365, *7-9 (S.D. Fla. Mar. 18, 2016); *Apolinario v. Mi Bohio Rest. & Lounge Corp.*, 2016 U.S. Dist. LEXIS 16030, *3-4 (S.D. Fla. Jan. 22, 2016); *Cabral v. Lakes Cafe Sports Bar & Grill, Inc.*, 2010 U.S. Dist. LEXIS 31326 (S.D. Fla. Mar. 31, 2010).

### RESERVATION OF AFFIRMATIVE DEFENSES

Defendant reserves the right to allege any further affirmative defenses as discovery proceeds.

WHEREFORE, Defendant, having fully answered the Complaint and having raised legal defenses thereto, requests judgment in its favor in its entirety and that the Defendant be awarded costs, including reasonable attorneys' fees.

### JURY DEMAND

Defendant hereby requests trial by jury on all issues so triable.

Respectfully submitted, this 10th day of August, 2016.

LUBELL & ROSEN, LLC
*Attorneys for Defendant*
200 S. Andrews Ave, Suite 900
Ft. Lauderdale, Florida 33301
Phone: (954) 880-9500
Fax: (954) 755-2993
E-mail:      adi@lubellrosen.com

By: *s/Adi Amit*
     Adi Amit, Esquire
     Florida Bar No. 35257

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 10, 2016, I electronically filed the foregoing document with the clerk of the court using CM/ECF. I also certify that the foregoing document is being served this day to all persons on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/s/ *Adi Amit*
Adi Amit

## SERVICE LIST

### *Castillo v. La Mansion Del Bakery LLC, et al.*
S.D. Fla. Case No. 1:16-cv-23053-JEM

Stephen Michael Fox, Jr., Esq.
Rivkah Fay Jaff, Esq.
K. David Kelly, Esq.
Jamie H. Zidell, Esq.
J.H. ZIDELL, P.A.
300 71st Street
Suite 605
Miami Beach, Florida 33141
Stephen.fox.esq@gmail.com
Rivkah.Jaff@gmail.com
David.kelly38@rocketmail.com
ZABOGADO@AOL.COM
*Counsel for Plaintiff*

Adi Amit, Esquire
LUBELL & ROSEN, LLC
200 S. Andrews Avenue
Suite 900
Fort Lauderdale, Florida 33301300
adi@lubellrosen.com
*Counsel for Defendant*