UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 16-23053-CIV-MARTINEZ/GOODMAN

ALEXANDER PINERO CASTILLO,

    Plaintiff,

v.

LA MANSION DEL BAKERY, LLC, et al.,

    Defendant.
_____/

## *AMENDED*[1] POST-DISCOVERY HEARING ORDER

Defendants filed a Notice of Hearing concerning discovery issues related to Plaintiff's objections to Requests for Production and Interrogatories. [ECF No. 26]. The Undersigned held a hearing concerning the discovery issues on November 29, 2016. The Undersigned **orders** as follows:

Concerning Defendants' Interrogatory # 13, Plaintiff shall, by December 13, 2016, submit a supplemental amended answer concerning Mr. Roberto Perez. Plaintiff will need to either provide Mr. Perez's address, cell phone number, home number, work address, or any other contact information that Defendants can use to serve him with a subpoena. Alternatively, if Plaintiff does not have that information for the reasons explained at the hearing, then he will provide those reasons in a sworn answer.

---

[1] This Order is being amended to include a footnote which was inadvertently omitted from the last page.

1

Additionally, Plaintiff shall, by December 13, 2016, provide a supplemental amended answer with the address, phone number, and name of the owner or manager whom Plaintiff worked for at San Lago Bakery. Because the name of San Lago Bakery has changed to Casa Potin, Plaintiff shall also provide the same information for Casa Potin.

Also, Plaintiff shall, by December 13, 2016, provide a supplemental amended answer with the name of the business, specific address, name of either the owner, supervisor, or manager for the location he worked at around 8th street and 122nd avenue. If that information is not retrievable, then Plaintiff shall explain what type of business was at that location and what he did there.

The Undersigned shall modify Plaintiff's proposed confidentiality order and enter a final version on the docket. Once I have entered the confidentiality order, Plaintiff shall provide updated responses to Defendants.

Concerning Defendants' Interrogatory #14, Plaintiff shall provide an answer indicating in which court his child custody case took place.

Concerning Plaintiff's responses to other interrogatories, Plaintiff can object to interrogatories, but if he provides answers, then the answers should clearly indicate whether he fully answered each interrogatory. Some of the responses appear to be deficient. As such, Plaintiff shall, by December 13, 2016, provide amended answers to interrogatories as needed.

At the hearing, defense counsel took the position that a party could not interpose an objection to a discovery request and then still provide a substantive response. The Undersigned questioned defense counsel about this, but he insisted that a party was required to choose between making an objection and substantively responding to the discovery request. For example, defense counsel contended that a party could not raise an objection to a document request and then explain that documents were being provided anyway.

The Undersigned noted that the frowned-upon practice is a scenario where a party interposes an objection and **does not clearly explain** whether any documents are still being withheld pursuant to the objection when some documents are being provided.

Defense counsel disagreed, and maintained his all-or-nothing position that a party had to make a choice and therefore could not do both (even if the actual response, such as providing documents and a response to the document request, clearly flagged whether other responsive documents were not being provided).

Given this exchange, the Undersigned believes it appropriate to now make three specific references: (1) the discovery procedures Order entered in this case [ECF No. 22]; (2) Federal Rule of Civil Procedure 36(b)(2)(C); and (3) the official Advisory Committee Notes to the 2015 Amendment to Rule 34 (effective December 1, 2015).

The discovery procedures Order [ECF No. 22] states: "Counsel should specifically state <u>whether</u> the responding party is fully answering or responding to a request and, if not, specifically identify the categories of information that have been **withheld** on an objection-by-objection basis." (emphasis in original).

So the Order clearly contemplates a party raising an objection to a discovery request **and** then giving information or documents -- as long as the response explains if the response is "full" or if other documents are being withheld.

The <u>rule</u> states: "*Objections.* An objection must state **whether** any responsive materials are being withheld on the basis of that objection. An objection to part of a request must specify the part and permit inspection of the rest." (emphasis supplied).

And the <u>advisory committee notes</u> say: "Rule 34(b)(2)(C) is amended to provide that an objection to a Rule 34 request must state **whether anything is being withheld on the basis of the <u>objection</u>.** This amendment should end the confusion that frequently arises when a producing party states several objections and still produces information, leaving the requesting party uncertain whether any relevant information has been withheld on the basis of the objections. The producing party does **not** need to provide a detailed description or log of all documents withheld, but does need to **alert** other parties to **the fact** that documents have been withheld and thereby facilitate an informed discussion of **the objection.** An **objection** that states the limits that have

4

controlled the search for responsive and relevant materials **qualifies as a statement that the materials have been withheld.**" (emphasis supplied).

So the rule and its official notes *<u>unequivocally</u>* make clear that a responding party may object and *also* provide documents by simply alerting the requesting party to the fact that some documents have been withheld.

As explained in the discovery procedures Order, the Undersigned follows Federal Rule of Civil Procedure 37(a)(5), which requires the Court to award expenses, including fees, unless an exception (such as the existence of a substantially justified, albeit losing, discovery position) applies to the discovery dispute and ruling. Defendants did not prevail on this legal dispute concerning a party's ability to make an objection and still provide documents in response to a document request. Given the language of my Order, the Rule and the official Advisory Committee Notes, none of the exceptions applies. Therefore, a fees award is required.

Defense counsel shall pay Plaintiff $150[2] by December 8, 2016.  The award is being entered against only counsel, and not his clients, because it appears that counsel is the one who persisted in this incorrect discovery position. Defense counsel shall not directly or indirectly pass on this fees award as a costs item or reimbursement demand to his clients. Defense counsel shall within three business days of making the payment

---

[2]   The total amount of fees has been reduced to reflect the fact that I also required Plaintiff to provide supplemental discovery responses in order to make unequivocally clear that Plaintiff had provided a complete response and was not withholding documents or other information.

5

also submit to the Undersigned's efile inbox (goodman@flsd.uscourts.gov) -- but not on CM/ECF -- an affidavit or declaration confirming that the payment was in fact made.[3]

**DONE AND ORDERED** in Chambers, at Miami, Florida, on December 2, 2016.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**Copies furnished to**:
The Honorable Jose E. Martinez
All counsel of record

---

[3] The Undersigned does not deem this expense-shifting award to be a sanction, or the imposition of discipline, or an indication that defense counsel acted in bad faith. Thus, this Order would not require defense counsel to answer yes if ever asked (e.g., by a prospective employer, by an insurance carrier, by a judicial nominating commission, by a client, or by a prospective client) if he had ever been sanctioned or disciplined.